JONATHAN G. KELSO *vs.* CITY OF BOSTON.

Suffolk. March 8. — May 6, 1876. AMES & MORTON, JJ., absent.

The question of the invalidity of a sewer assessment, by reason of the omission therefrom of persons benefited by the sewer, cannot be tried in an action to recover money paid under protest upon such assessment. The proper proceeding is by certiorari.

A city ordinance provided that the superintendent of streets, whenever any sewer was built or repaired, should "make an accurate plan of its depth, breadth, mode of construction and general direction, insert the same in a book kept for the purpose, and insert on said plan all entries into the same then existing and as they are thereafter made." *Held*, that the ordinance was merely directory of the duties of the officer, and that a sewer assessment by the city was not invalidated by his non-compliance with its provisions.

Land that has not in the mean time been alienated may be sold for a sewer assessment under the Gen. Sts. c. 48, § 5, after the expiration of a year from the time when the assessment is laid.

CONTRACT to recover back the amount of a sewer assessment paid under protest.

At the trial in the Municipal Court of the Charlestown District, the plaintiff offered to prove that an order, assessing various persons for the cost of repairs on a sewer in Essex and Lyndeboro' streets, was passed by the mayor and aldermen of the city of Charlestown on December 15, 1873, and concurred in by the common council on December 22, 1873 ; that therein the plaintiff was charged with the sum of $12.03 ; that the collector of taxes advertised his estate for sale on December 21, 1874 ; that he attended at the time and place appointed for the sale, and paid the assessment of $12.03, and $5.44 as costs, making in all $17.47, under protest, and to prevent the threatened sale of his estate.

The plaintiff also offered to prove that there was and is a city ordinance of the city of Charlestown, a copy whereof is in the margin ; * and that neither when said sewer was constructed nor when it was repaired did the superintendent of streets keep plans in conformity with said ordinance ; that no such plan of said sewer having been kept, water-pipes had been placed directly over the said sewer, and the expense of repairing was much increased ; that several persons, who enter their particular drains into the sewer, or who by more remote means receive benefit thereby for draining their cellar or land, have not been assessed or charged for any part of the expense of making said repairs ; that more than a year had elapsed between the time of making said assessment and the time set for the sale of said real estate.

At the request of the defendant, the judge ruled that upon the above facts, if proved, the plaintiff could not maintain this

---

* " Section 7. The superintendent of streets shall be superintendent of drains, under the direction of the committee on drains. He shall have the superintendence of all main drains, common sewers and reservoirs, and take charge of building and repairing the same, and make all contracts for the supply of labor and materials therefor. Whenever any such sewer, reservoir or drain is built or repaired, he shall make an accurate plan of its depth, breadth, mode of construction and general direction, insert the same in a book kept for the purpose, and insert on said plan all entries into the same then existing and as they are thereafter made.

" Section 8. The superintendent shall keep an accurate account of the cost and expense of each common sewer, main drain and reservoir, and make report thereof to the mayor and aldermen."

action, and ordered a verdict for the defendant; to which ruling the plaintiff alleged exceptions.

The Superior Court affirmed the instructions; and the plaintiff entered the exceptions in this court.

*E. T. Swift & E. J. Avery*, for the plaintiff.

*H. W. Putnam*, for the defendant.

ENDICOTT, J. 1. It was not competent for the plaintiff to prove that several persons who enter their drains into the sewer, or who by more remote means receive benefit thereby, were not included in the assessment, as provided in the Gen. Sts. *c.* 48, § 4. The plaintiff's purpose was in this way to show that the assessment was invalid. But that question cannot be tried in this case; if the assessment was erroneous in that respect, it could have been revised on certiorari. *Butler* v. *Worcester*, 112 Mass. 541, 556.

2. The city ordinance had no relation to the assessment; and the assessment is not rendered invalid because the superintendent of streets failed to comply with its provisions. It is directory merely, and provides for the making and recording of an accurate plan of sewers, reservoirs or drains, when built or repaired. Its obvious purpose is to furnish a record for the information of the city authorities in regard to the location and character of these structures. The case is clearly to be distinguished from *Lowell* v. *Wentworth*, 6 Cush. 221, relied on by the plaintiff. See *Lowell* v. *Hadley*, 8 Met. 180, 195; *Torrey* v. *Millbury*, 21 Pick. 64.

3. Nor is the objection well taken that the city could not sell the land for non-payment of the assessment after the expiration of one year from the time it was laid. The assessment constitutes a lien on the land for one year, and may be levied by a sale after proper notice upon the person assessed, or upon any person occupying the estate, and the sale is to be conducted in like manner as sales for the non-payment of taxes. Gen. Sts. *c.* 48, § 5. By the Gen. Sts. *c.* 12, § 22, it is provided that sales of land for non-payment of taxes may be made after the expiration of the lien, if the land has not been alienated in the mean time. As the law stands, therefore, the assessment may be levied by a sale within one year, whoever may be the owner of the estate, and after the expiration of the year, if not in the mean

time alienated. In this case, the land was owned by the plaintiff at the time of the assessment, and at the time of the proposed sale; and a demand for payment was duly served on him. See *Holden* v. *Eaton*, 7 Pick. 15; *Hayden* v. *Foster*, 13 Pick. 492.

*Exceptions overruled.*