GEORGE D. RUSSELL *vs.* JAMES DESHON.

Suffolk. Nov. 21, 1877 ; March 13. — April 1, 1878.

A sale of land by a collector of taxes, more than two years after a warrant for the collection of a tax thereon was committed to his predecessor, is void, although within two years after the warrant was committed to the collector making the sale, if the land was alienated by the owner after the tax was assessed to him, and before the sale ; and the grantee, if in possession of the land, may maintain a bill in equity against the purchaser, to remove a cloud from his title, when the purchaser has caused his deed from the collector to be recorded, refuses to release to the plaintiff, and claims to be the owner of the land.

BILL IN EQUITY, filed May 18, 1877, and alleging the following facts : On May 27, 1874, Joseph F. Paul, the owner of a certain estate on Dartmouth Street, in Boston, conveyed it to one Rich, and on November 10, 1875, the plaintiff, by various mesne conveyances, became the owner of the estate. On May 1, 1874, a tax was assessed on the estate to Paul by the city of Boston, to the amount of $365.04. On September 7, 1874, the warrant, for the collection of the taxes assessed by the city of Boston for the year 1874, was committed, by manual delivery,

to Frederick U. Tracy, then the collector of the city, who died on January 14, 1875. On August 9, 1875, Thomas Sherwin was appointed collector to fill the vacancy, and thereafter a new warrant for the collection of the taxes, so assessed and remaining unpaid, was delivered to Sherwin. On September 4, 11, 18, 1876, Sherwin advertised the estate for sale by public auction for non-payment of such tax, and on September 28, 1876, sold it to the defendant for the amount of such tax, interest and charges, and on September 30, 1876, conveyed the estate to the defendant by a deed which was recorded on October 7, 1876.

The bill also alleged that the plaintiff did not know, until after October 7, 1876, that the tax so assessed was unpaid, that the collector had so advertised or made or intended to make such sale, and had no notice thereof, but believed that the tax was paid when the estate was conveyed to him; that the deed to the defendant constituted a cloud upon the defendant's title, and that the plaintiff had requested the defendant to release to him the apparent title so obtained from the collector, but the defendant refused, and contended that he had obtained a title under his deed which was indefeasible, except by redemption.

The prayer of the bill was that the defendant might be compelled to execute to the plaintiff a release of all the title and estate acquired by him under the collector's deed, and for general relief. The defendant demurred to the bill for want of equity.

Hearing upon the bill and demurrer, before *Morton,* J., who reserved the case for the consideration of the full court.

This case was submitted on briefs, in November, 1877, by *N. Morse,* for the defendant, and *C. R. Train & J. O. Teele,* for the plaintiff; and in March, 1878, the court permitted additional briefs to be filed by the same counsel, and by *H. W. Putnam,* in behalf of the city of Boston.

SOULE, J. By the Gen. Sts. *c.* 11, § 38, assessors are required to commit the tax list to the collector within a reasonable time. By *c.* 12, § 22, it is provided that "taxes assessed on real estate shall constitute a lien thereon for two years after they are committed to the collector; and may be levied by sale thereof, if the tax is not paid within fourteen days after a demand of payment

made either upon the person taxed or upon any person occupying the estate; but the collector may sell real estate for taxes after two years have elapsed, unless the estate has been alienated in the mean time." The effect of this section is to make the tax a lien or incumbrance on the estate until the end of the two years, and no longer, although the tax may be afterward levied by sale of the land, if it has not been alienated by the person taxed. *Kelso* v. *Boston*, 120 Mass. 297.

It is evident that the purpose of a lien limited to two years was to give municipal officers abundant time in which to collect the taxes assessed on land, and, no less, to fix a time when the land should be released from an incumbrance created by the law for the public advantage. We are of opinion that the two years, at the expiration of which the lien is lost, begin to run when the tax is first committed to a collector. Any other construction of the statute would leave it quite uncertain when the lien would cease to exist. If a new lien, to continue for two years, were created whenever, by reason of the death or removal of a collector, the tax list is committed to a temporary collector, it is obvious that estates might be held under incumbrance for an indefinitely long period. We are not aware of any reason which makes this desirable in behalf of the public; and it would be manifestly inconvenient for the individual citizens.

The plaintiff's land was not sold by the collector until more than two years after the tax was committed to his predecessor in office. After the tax was assessed, the land was alienated by the owner to whom it was taxed, and by his grantee, and at length was conveyed to the plaintiff, before the collector sold it. The collector's sale was therefore void, and his deed to the defendant conveyed no valid title. But, as the defendant has caused the deed to be recorded, and refuses to release to the plaintiff, and claims that he owns the premises, the collector's deed to him creates a cloud on the plaintiff's title. The plaintiff, having continued in possession of the premises since he took his deed in November, 1875, cannot try his title by writ of entry, and can maintain a bill in equity to remove the cloud from his title. *Clouston* v. *Shearer*, 99 Mass. 209.

The demurrer must be overruled; and the plaintiff is entitled to a deed of release from the defendant, and to recover his costs.

*Decree accordingly.*