LORENZO HINCKLEY, in equity, vs. WILLAM H. HAINES & others.

Aroostook.    Opinion January 11, 1879.

*Equity.   Injunction.   Cloud upon title.   Real property.   Deed.
Settler's certificate.   Adverse possession.*

The holder of a settler's certificate may transfer by deed his interest in the lot
described in such certificate.

After payment and performance of all the duties required of a settler, the
state holds the land as trustee.

The grantee of the holder of a settler's certificate, the settler's duties having
been performed, acquires a title to the settler's lot deeded him after and by
twenty years open, notorious and exclusive occupation of the same under a
recorded deed.

When one having a settler's certificate conveyed the lot therein described,
and the settler's duties were performed, and the grantee and those under
him have been in adverse possession of the same under a recorded deed for
more than twenty-five years, one taking a conveyance from the original set-
tler, after and with knowledge of these facts, and by way of gift and with-
out consideration, will be perpetually enjoined from setting up his pre-
tended title against that first derived from such original settler.

BILL IN EQUITY.

*A. W. Paine,* for the plaintiff.

*J. Madigan & J. P. Donworth,* for the defendants.

APPLETON, C. J.   On October 30, 1843, Joseph W. Haines
had a certificate from the state of Maine, under the settlement
act, for the conveyance of lot No. 130.

On September 18, 1844, he conveyed this lot to Daniel Haines.
This deed transferred all the right of the grantor to a convey-
ance of lot 130 to the grantee.   It was an assignment of his inter-
est in the right acquired by virtue of his certificate.   After that
date he ceased to have any interest in the certificate, or in the
land thereby agreed to be conveyed.

On December 1, 1847, the settling duties were paid.   It does
not distinctly appear by whom, but the payment may fairly be
presumed to have been made by the party holding title by deed.
It nowhere appears that it was made by Joseph W. Haines, to
whom the original certificate was given.

On April 15, 1847, Daniel Haines conveyed lot 130 to John

Hodgdon, who, on August 5, 1859, conveyed seventy acres off the south end of the lot to George W. Haines, being the land in controversy.

On April 15, 1865, George W. Haines conveyed the seventy acres thus acquired to John W. Haines, by whom they were, on December 27, 1872, by deed of warranty conveyed to this complainant.

The settler's duties having been paid on December 1, 1847, the state ceased to have any equitable interest in the lot.

The lot had been occupied before George W. Haines went on in 1859, for Stevens says it was considerably run out. There is no evidence showing or tending to show that there has been any occupation of the disputed premises otherwise than in accordance with the deeds to which we have made reference. If the grantor remained in possession of the premises conveyed, (of which there is no proof) the presumption of law is that he was there rightfully and as the tenant of the grantee. *Sherburne* v. *Jones*, 20 Maine, 70. If he quits the premises conveyed, the possession is in the grantee, in accordance with his recorded title. The land has been cleared, taxes have been paid and buildings erected by the grantees of the deeds above mentioned, so that when this complainant took his deed of warranty on December 27, 1872, there had been an open and adverse, notorious and exclusive occupation of the premises by his grantor and those under whom he claims for more than twenty-five years.

The defendants, William Henry Haines and Hannah E. Haines, claim title under a deed from the land agent, dated September 9, 1875, more than thirty years after the settler's certificate had been given to Joseph W. Haines, and more than twenty years after he had conveyed the land mentioned in the certificate, and after the settling duties had been paid. It does not appear that, during this long period he had ever set up any title to the premises or interfered with the grantees under his deed. The state, too, had no claims to assert, and had asserted none.

By R. S., c. 105, § 11, " No real or mixed action for the recovery of any lands shall be commenced in behalf of the state unless within twenty years after the time its title accrues." The title of

the state accrued more than twenty years ago, and the state, when it conveyed to the defendants, had neither legal nor equitable title in the premises conveyed.

Joseph W. Haines had no interest in the certificate, for he had assigned and transferred his right to the same thirty-two years before he applied for a deed, having never during all that time interfered with the possession, the rights or the title derived from his deed of September 18, 1844. Yet during that period his certificate was, by R. S., c. 5, § 3, sufficient to enable him to maintain any action relating to the land specified therein against any party but the state or one claiming under the state. So that for thirty years or more he allowed a title derived from him, and adverse, to ripen by lapse of time into a perfect one, without let or hinderance on his part.

The grantees in the deed from the state received this deed in a letter, without any application for it, and without having paid anything for the conveyance. The purpose and object of Joseph W. Haines are unmistakable. They were to defeat the right and title of the complainant, derived under his own deed and for which a full and adequate consideration had been paid. The grantees, William Henry Haines and Hannah E. Haines, hold under a voluntary conveyance, procured by their grandfather to enable them to defraud a creditor of their father's. The conveyance cannot give them, after so long acquiescence on the part of all concerned, any title as against a *bona fide* purchaser as the plaintiff is. *Laughton* v. *Harden*, 68 Maine, 208.

In *Cary* v. *Whitney*, 48 Maine, 517, no rights whatever were acquired by adverse possession, except to betterments. There was no such palpable and ostentatious fraud as is attempted in the present case. That, too, was a case at law, and the legal title only was in issue, denuded of all questions of fraud or of adverse possession. The R. S., c. 105, § 11, was not and could not have been invoked in aid of the defense.

The complainant may well object to a cloud, even though somewhat transparent, resting upon his title. A bill will be sustained to remove that cloud. The bill may be amended by adding a prayer for an injunction, and the defendants enjoined against interfering

with the title of the complainant, or setting up their pretended title in any way adversely to him. *Clouston* v. *Shearer*, 99 Mass. 209. *Russell* v. *Deshon*, 124 Mass. 342.

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.