In re SHAWMUT FINISHING CO.

In re CITY OF CRANSTON.

(District Court, D. Rhode Island.  July 8, 1912.)

(No. 1,044.)

TAXATION (§ 505*)—LIENS—STATUTES.

Under Gen. Laws R. I. 1909, c. 60, §§ 3, 11–13, declaring that taxes on real estate shall constitute a lien thereon for two years after the assessment, and authorizing the collector to sell real estate liable for taxes after notice of levy and of time and place of sale, a levy evidenced by the tax collector's entry in the tax levy book, reciting a levy on real estate for unpaid taxes, to advertise and sell the same for taxes, made within the two years, preserves the lien, and is the beginning of the steps required in case of sale, and the lien is not lost by failure to give the required notice within that period, and on the bankruptcy of the owner the municipality has a lien on the proceeds of a sale of his property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 935; Dec. Dig. § 505.*]

In the matter of the Shawmut Finishing Company, a bankrupt.  On petition for review of an order allowing a claim of the city of Cranston.  Decision of referee affirmed.

Benjamin W. Grim, of Providence, R. I., for City of Cranston.

Gardner, Pirce & Thornley, of Providence, R. I., for Union Trust Co.

BROWN, District Judge.  This is a petition for review of the order of the referee allowing the claim of the city of Cranston for taxes for the years 1908, 1909, and 1910, with interest thereon, and declaring a lien therefor on the moneys received from the sale of the bankrupt's property.

The question is one of statutory construction, involving sections 3, 11, 12, and 13, of chapter 60, General Laws of Rhode Island, Revision of 1909.  Section 3 is as follows:

"Sec. 3. All taxes assessed against the owner of any real estate shall constitute a lien on such real estate in any town, for the space of two years after the assessment, and, if such real estate be not aliened, then until the same is collected."

For the city of Cranston it is contended that legal proceedings were begun within the two-year period, and that for this reason the limitation in section 3 is inapplicable.  It seems to have been a general usage to consider that, if a levy was made at any time within a two-year period, the lien was preserved, even if the real estate were aliened.  In this case the tax collector made an entry in what is called

the "tax levy book." This levy, signed by the collector of taxes, **is** as follows:

"Cranston—sc.:

"In Cranston. on this 10th day of September, A. D. 1910, at 1 o'clock p. m., I have levied on the real estate situated in said Cranston taxed to the persons hereinafter named, by virtue of the assessment made on the 14th day of September, A. D. 1908. The taxes on said real estate are now due and unpaid, and this levy is made for the purpose of advertising and selling said real estate for the collection of said unpaid taxes as provided by law."

This entry was within the two-year period.

The petitioner admits that, when legal proceedings have been instituted before the lien has expired, the lien may be enforced as of the date when proceedings were begun, if there has been no improper delay in the prosecution of proceedings. It is contended that, even if the book entry is sufficient to constitute a levy, a levy is not equivalent to the institution of legal proceedings to permanently fix the lien. The petitioner contends that it is when the notice of an intention to sell and the time and place of sale is given that legal proceedings are begun. In the case at bar this notice was not given, and the contention is that therefore no legal proceedings were begun. Sections 12 and 13 are as follows:

"Sec. 12. In all cases where any parcel of real estate is liable for payment of taxes, so much thereof as is necessary to pay the tax, interest, costs, and expenses, shall be sold by the collector, at public auction, to the highest bidder, after notice has been given of the levy, and of the time and place of sale, in some newspaper published in the town, if there be one, and if there be no newspaper published in the town. then in some newspaper published in the county, at least once a week for the space of three weeks, and the collector shall also post up notices in two or more public places in the town for the same period.

"Sec. 13. If the person to whom the estate is taxed be a resident of this state, the collector shall, in addition to the foregoing, cause notice of his levy, and of the time and place of sale, to be left at his last and usual place of abode, or personally served on him, at least twenty days previous to the day of sale."

Section 13 uses the significant language:

"The collector shall * * * cause notice of his levy, and of the time and place of sale."

This seems a clear indication that the collector is required to make his own levy as a matter distinct from the original imposition of the tax. The notice under section 12, read in connection with section 13, is a notice of a levy made by the collector as an act which precedes the notice which is to be "given of the levy, and of the time and place of sale."

The statute does not support the contention, therefore, that the notice is itself the beginning of legal proceedings. The preceding levy, of which notice is to be given in conjunction with the notice of time and place of sale, must be regarded as the institution of the proceedings. This seems to have been the ordinary construction of the statute, and the ordinary practice has been to make the levy by an entry upon a levy book in substantially the form that has been set out.

I agree with the referee that a reasonable construction of the statute requires proceedings to be started within two years from the assessment, but that it is not necessary that proceedings be completed within that period. The referee has carefully considered the case, and I see no sufficient reason for dissenting from his conclusion, which seems to be consistent with a long-continued interpretation of the statute. In the present case the lien would have expired on September 14, 1910. The entry in the levy book was made by the tax collector on September 10th.

The case of Russell v. Deshon, 124 Mass. 342, relied upon by the petitioner, is upon a statute which is materially different from the Rhode Island statute. The statute uses the expression "may be levied by sale." In the Rhode Island statute the levy is an act which precedes the sale, and of which notice must be given.

Upon both briefs it is said:

"There is nothing in the Rhode Island statute that defines a tax levy."

It seems to be defined to this extent, however, that it is clearly an act to be performed by the collector, and which is his levy, and of which he is to give notice. The tax levy book is a record which has been kept in the land records of the city of Cranston for many years, and is always open to the inspection of persons searching titles. The record in this levy book is apparently a public record, which gives public notice to intending purchasers; but, even if this is doubtful, it is a record made in due course by a collector of taxes, which proves the beginning of the steps required by the statute in case of sale.

The decision of the referee is affirmed.