GEORGE B. PARKER *et ux. vs.* ORRIN E. MacCUE, Tax Collector of the City of Warwick.

MAY 14, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.  This is a bill of complaint to restrain the respondent as Tax Collector of the City of Warwick from selling the real estate of the complainants for taxes assessed, on June 15, 1929, against other persons who were then the owners of record.  The cause is here on complainants' appeal from a decree of the Superior Court dismissing the bill.

On June 14, 1932, complainant George B. Parker received title by mortgagee's deeds.  On December 30, 1930, the

respondent had made the following entry in a public record book kept in the office of the clerk of said city and known as the Levy Book:

"Town of Warwick, town tax of 1929. State of Rhode Island, County of Kent, in the town of Warwick this 30th day of December, 1930, I have made a levy upon all real estate in said town of Warwick upon which taxes and assessments made for the year 1929 are due and unpaid, in order to prepare for the advertisement and sale thereof, in accordance with the provisions of Chapter 62 of the General Laws of Rhode Island, revision of 1923, December 30, 1930.

"Orrin E. MacCue, Collector of taxes, State of Rhode Island and Providence Plantations, County of Kent, in Warwick this 30th day of December A. D. 1930 at 2 o'clock p. m. I have made a levy upon the real estate in the town of Warwick in the said county and state, taxed to the persons and corporations hereinafter named and assessments made as of June 15, 1929, which taxes are now due and unpaid, in order to prepare for the advertisement and sale of said real estate for the payments thereof in accordance with the statutes in such cases made and provided. . . ."

On or about March 1, 1933, respondent served complainants with a written notice of the fact that their real estate had been levied upon to pay a tax assessed on June 15, 1929, and that the property would be sold at public auction on Saturday, April 1, 1933, at eleven o'clock a. m., in the city clerk's office in Apponaug, in the city of Warwick. On April 7, 1933, respondent commenced publication in the Pawtuxet Valley Daily Times, a newspaper published in the County of Kent, of a sale at public auction to the highest bidder in the Council Chamber of the City Hall in Warwick, on Saturday, April 22, 1933 at eleven o'clock

a. m., of the real estate of the complainants, or so much thereof as may be necessary to pay the taxes and assessments assessed thereon for the year 1929. Although no sale was advertised for April 1, 1933, the respondent had an auctioneer appear on said date at said clerk's office and announce that the sale was continued to April 22, 1933.

The complainants' first contention is that at the time of the first publication the lien on this property had expired for the reason that, before the giving of notice by advertisement of the sale, more than two years had elapsed since the assessment and the property had been aliened by the persons against whom it was assessed. The contention is based on Section 3, Chapter 62, G. L. 1923, which is as follows: "All taxes assessed against the owner of any real estate shall constitute a lien on such real estate in any town, for the space of two years after the assessment, and, if such real estate be not aliened, then until the same is collected."

The respondent's answer is that, by making the above entry in the levy book within the two year period, he levied upon the property and thereby commenced proceedings for a sale of the property, and that the lien was extended by such commencement of proceedings to sell.

The authority for the sale of real estate for delinquent taxes must be found in the statutes and such statutes will not be enlarged by judicial construction but will be strictly construed in favor of the owner. 61 C. J. 1117. The pertinent statutory provisions, other than said section 3 above quoted, are the following sections of said chapter 62:

"Sec. 11. The collector may advertise and sell any real estate liable for taxes in the manner hereinafter directed.

"Sec. 12. In all cases where any parcel of real estate is liable for payment of taxes, so much thereof as is necessary to pay the tax, interest, costs and expenses, shall be sold by the collector,

at public auction, to the highest bidder, after notice has been given of the levy, and of the time and place of sale, in some newspaper published in the town, if there be one, and if there be no newspaper published in the town, then in some newspaper published in the county, at least once a week for the space of three weeks, and the collector shall also post up notices in two or more public places in the town for the same period.

"Sec. 13. If the person to whom the estate is taxed be a resident of this state, the collector shall, in addition to the foregoing, cause notice of his levy, and of the time and place of sale, to be left at his last and usual place of abode, or personally served on him, at least twenty days previous to the day of sale.

"Sec. 14. In case the collector shall advertise for sale any property, real, personal or mixed, in which any person other than the person to whom the tax is assessed has an interest, he shall, provided the interest of such other person appears upon the records of the town, leave a copy of the notice of such sale at the last and usual place of abode, or personally with such other person, if within this state, twenty days prior to the time of such sale."

"Sec. 27. Any sale of real or personal estate or of any interest therein, liable for the payment of taxes by the provisions of this chapter, may be adjourned from time to time."

The contention that the collector can, preparatory to advertising and posting notices of a sale, make a levy upon the real estate, and thereby extend the lien beyond the period of two years from the date of the assessment, is based on the language in said section 13, which provides for notice to resident owners as follows: "the collector shall . . . cause notice of *his* levy, and of the time and place

of sale" to be left at the owner's abode or "served on him, at least twenty days previous to the day of sale."

It is clear that the word "levy" is not used in the same sense throughout the statutes. The qualified electors "levy" a tax when they vote to impose it. Sec. 1, Chap. 60, G. L. 1923. In *Lynch* v. *Earle*, 18 R. I. 531 at 533, 534, it was held that the word "levy" meant the mental act of determination to sell. It is significant that the statute nowhere states, either directly or by implication, that any commencement of proceedings to sell, be it levy, notice or advertising by publication, or by posting notices, shall extend the lien which is limited by statute to two years.

Although there is apparent authority to the contrary (see *Russell* v. *Deshon*, 124 Mass. 342) it is our opinion that by reason of the provisions of Sec. 27 of said chapter the collector could have reasonably continued a sale from time to time beyond the period of two years without losing the lien, provided the sale was first duly advertised to be held on a date within said period. Said Sec. 27 provides: "Any sale of real or personal estate or of any interest therein, liable for the payment of taxes by the provisions of this chapter, may be adjourned from time to time."

For the determination of this case it is immaterial whether the collector is required, as the first step toward selling, to make an entry in a public record book of his mental act of determination to sell. Assuming that it is his duty to so commence his proceeding to sell, and that such act extends the lien, the statute does not fix the time for which the lien is extended. It cannot be that the lien is extended indefinitely. We are by necessity driven to the old rule that when no time is fixed a reasonable time is intended. The record made by the collector of his determination to sell was made December 30, 1930. By the terms of the statute the lien, without the so-called levy, continued unconditionally in force until June 15, 1931. No steps were taken before said date to hold a sale, and for a period of con-

siderably more than two years after the so-called levy no move was made preparatory to holding a sale. Bearing in mind that the statute provided for a lien for only two years in cases where the property was aliened, it could not have been intended that a lien limited by statute to two years could by any inference be extended nearly two years by the mere act of making an entry in a public record book of the collector's determination to sell the property some time.

We think the complainants are entitled to a decree in accordance with their prayer permanently enjoining the respondent from selling complainants' real estate.

We have not overlooked the case of *Shawmut Finishing Co.* v. *City of Cranston*, 197 Fed. 230, in which the learned judge held that the so-called levy of the collector extended the life of the lien. Although the point was not considered, the opinion impliedly holds that the mere act of making the so-called levy extended the lien indefinitely, or for more than two years. It does not appear that other steps were taken to give notice of the intention to sell. We cannot agree with such a conclusion.

The appeal is sustained. The decree appealed from is reversed and the cause is remanded to the Superior Court for the entry of a decree permanently enjoining the respondent as prayed.

HAHN, J., dissenting. I am unable to concur in the construction given to the statute which is quoted in full in the majority opinion. This statute, which provides for the levy upon and sale of real estate for unpaid taxes by a tax collector, neither expressly nor by implication requires said collector to advertise for sale or to sell said real estate within any specified time after his levy upon it. This construction is approved in *Shawmut Finishing Co.* v. *City of Cranston, supra,* and in *Russell* v. *Deshon, supra* (which construes a similar statute), both cited in the majority opinion.

The omission of any provision therein hastening the time of sale of property for taxes may well have been intentional for it harms no one and may benefit many. In the case of

property which is aliened or sold, one of the first steps on the part of the alienee or purchaser is to ascertain the amount of taxes, if any, due and unpaid. As this custom is universally followed, no one can lose or be prejudiced through giving to the taxpayer the consideration permitted by the statute.

In my opinion the construction given to said statute in the majority opinion is not only inconsistent with the language used and the purpose expressed therein but is capable of causing unnecessary hardship to the taxpayer. While some may disagree with the proposition, I believe that the advertisement of a prospective sale of property for taxes has an injurious effect upon the owner's standing, financially and otherwise. There can be no loss sustained by giving the taxpayer an extension of time within which to raise the funds necessary for the payment of the tax. And when the statute above-discussed permits a public official to extend leniency to those indebted to a municipality for taxes, I can find no reason, particularly under present conditions, for construing the statute in any but the most liberal manner consistent with the ordinary definition of the words therein contained, having in mind the purpose to be accomplished.

It is my opinion that the appeal should be denied and dismissed.

*W. Louis Frost,* for complainants.
*Russell H. Hawkins,* for respondent.