DECISION
Before this Court is a Petition to Foreclose a Tax Lien on property located at 331 Washington Street, West Warwick. Jurisdiction in the Superior Court is pursuant to G.L. 1956 (1988 Reenactment) § 44-9-1 et seq.
On May 26, 1989, respondents John Santilli and Christopher Santilli purchased the subject property and listed their address on the deed as that of the purchased property. After a tax lien accrued on the property, a tax sale was conducted on August 6, 1993. Petitioner purchased the land, valued at $129,400.00, for $1,525.86, the amount of unpaid taxes. Before the tax sale the tax collector sent notice to the respondents at 331 Washington Street, West Warwick. The tax collector also notified the mortgagee and issued notice by publication.
Respondents aver that they did not become aware of the tax sale until a year later in August of 1994, when the mortgagee notified Christopher Santilli of the Petition to Foreclose the Tax Lien concerning the subject property.
Respondents now claim that petitioner's tax title is invalid because they did not receive notice of the sale pursuant to R.I.G.L. § 44-9-10(a), which provides:
 the collector shall . . . notify the taxpayer of the time and place of sale either by registered or certified mail sent postpaid to the taxpayer's last and usual place of abode not less than twenty (20) days before the date of sale or any adjournment thereof, or be left at the taxpayer's last and usual place of abode, or personally served on the taxpayer not less than twenty (20) days before the date of sale or any adjournment thereof . . .
Respondents do not challenge the above notice by publication or notice to the mortgagee. Rather, they urge the court to declare the sale invalid because the tax collector's alleged failure to notify respondents at their last and usual place of abode violated their due process rights.
In support of their argument, respondents attach affidavits stating that Christopher Santilli has resided at 20 Grove Avenue, Cranston, Rhode Island, since April of 1991, and John A. Santilli has resided at 14 Finne Road, Johnston, Rhode Island, since 1975. Petitioner, on the other hand, has attached a copy of the tax collector's deed, which indicates that respondents owed $1,068.20 in taxes as of "December 31, 1988, December 31, 1989, and/or December 31, 1990," and that the tax collector
 cause[d] notice of said levy, along with the time and place of the sale, to issue to Christopher D. Santilli and John A. Santilli, both at 331 Washington Street, West Warwick, RI 02893 . . . . upon whom notice was served twenty (20) days previous to said day of sale.
The record before the court is silent regarding what efforts the tax collector made to ascertain respondents' address and whether the notice sent was delivered or returned.
A statute authorizing a tax sale should be strictly construed in favor of the owner and not enlarged by judicial construction.Parker v. MacCue, 54 R.I. 270, 272, 172 A. 725, 726 (1934). When analyzing a statute the goal of the court is to effectuate and establish the intent of the legislature. In re AdvisoryOpinion to the Governor, 504 A.2d 456, 459 (R.I. 1986) (citingHoward Union of Teachers v. State, 478 A.2d 563, 565 (1984)). If the language of a statute is unambiguous and expresses a clear and sensible meaning, then there is no need for statutory construction and a court must give the words of the statute their plain and obvious meaning. Id. (citing Fruit Growers ExpressCo. v. Norberg, 471 A.2d 628, 630 (1984)).
In the instant case the language of § 44-9-10 clearly states that the taxpayer shall be notified at his "last and usual place of abode." Since the language of the statute is unambiguous, there is no room for judicial construction.
Rather, the question before the court is whether the tax collector made reasonable efforts to determine respondents' last and usual place of abode. In other words, did the notification violate respondents' due process rights?
A deprivation of property rights is a serious constitutional issue. Prior to an action which affects an interest in life, liberty, or property, a State must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." Mullane v. CentralHanover Bank Trust Co., 339 U.S. 306, 313 (1950).
Based on the Mullane due process analysis, courts have held that there is a duty on the part of the tax collector to consult public records and to make simple inquiries when notifying an owner of a tax sale. City of Boston v. James, 530 N.E.2d 1254, 1256 (Mass. App. Ct. 1988). See also, Kakris v. Montbleau,575 A.2d 1293, 1298 (N.H. 1990) (town made reasonable efforts to notify owners where it searched tax warrants, assessment records, and blotter sheets, and sent letters of inquiry to abutting land owners); In re Stacy, 99 B.R. 142, 150 (D. Mass. 1989) (to meet due process requirements, "a municipality must make all reasonable efforts to notify by mail any persons who might have an interest in the land"); In re Return of Tax Sale v. Clawson,395 A.2d 703, 706 (Pa. Cmwlth. 1979) (tax bureau had duty to obtain last known address from tax collector).
Some states have enacted statutes which set forth specific efforts the tax collector must make when notifying a landowner.See e.g., In re Tax Claim Bureau of Beaver City v. Hicks,600 A.2d 650, 653 (Pa. Cmwlth. 1991) (1986 Pennsylvania legislation sets forth efforts such as searching telephone directories, and dockets and indices of county tax offices); Slattery v.Friedman, 636 A.2d 1, 4 (Md. App. 1994) (Maryland statute requires holder of certificate of tax sale to pursue various avenues to ascertain owner's address for notice of foreclosure under rights of redemption).
In addition to jurisdictions which by statute or case law require greater efforts than merely checking the tax rolls, some jurisdictions hold that due process is not violated when a tax collector makes minimal efforts to ascertain a delinquent taxpayer's last address. See Mennonite Board of Missions v.Adams, 462 U.S. 791, 798, n. 4 (1983) (governmental body must make reasonable efforts to ascertain mortgagee's address for notification of a tax sale; "[w]e do not suggest, however, that a governmental body is required to undertake extraordinary efforts to discover the identity and whereabouts of a mortgagee whose identity is not in the public record"); Dawson v. SusquehannaCounty Tax Claim Bureau, 438 A.2d 1067, 1069 (Pa. Cmwlth. 1982) (board had no duty to search out taxpayer's address, but could rely on "knowledge and information possessed by the bureau, by the tax collector . . . and by the county office responsible for assessment and revision of taxes"); Kleinberger v. Tax ClaimBureau of Lehigh County, 438 A.2d 1045, 1048 (Pa. Cmwlth. 1982);Cross v. Linski, 354 A.2d 409, 411 (N.H. 1976). However, the United States Supreme Court stated in Mullane that "when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." 339 U.S. at 315. Thus, while a tax collector need not make Herculean efforts to ascertain a delinquent taxpayer's address, a tax collector may not rely on efforts that are "a mere gesture."
Furthermore, there is no obligation on the part of the property owner to provide a forwarding address or address where service could be made. Bartevian v. Cullen, 343 N.E.2d 851, 854 (Mass. Supreme Jud. Ct. 1976). "[A] party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." City of Boston v. James, 530 N.E.2d at 1257 (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. at 799).
Our Supreme Court has not ruled on what constitutes reasonable notice under § 44-9-10(a). However, even assuming that it would hold due process is met when the tax collector sends notification to the taxpayer at the last address listed in the collector or assessor's rolls, it is impossible to determine from the record before the court whether respondents' due process rights were protected.[1] There is no affidavit by the tax collector setting forth the efforts made to ascertain respondents' last and usual place of abode. The only evidence before the court is the tax collector's deed which states notice was sent to 331 Washington Street, and a copy of the original deed listing respondents' address as 331 Washington Street. There is no evidence that the notice was received or returned, no evidence that the tax collector consulted the county's tax rolls or any other resources. Thus, it is impossible for this court to hold respondents' due process rights were protected, and the tax sale must therefore be declared invalid.
Since this court holds the tax sale invalid, the issue of net rents is moot and will not be addressed.
Conclusion
This court holds the tax sale invalid as to the property at 331 Washington Street, West Warwick because the record does not reflect that the tax collector made reasonable efforts to ascertain respondents' last and usual place of abode. Therefore the Petition to Foreclose the Tax Lien is denied.
Order to enter.
[1] In Picerne v. Sylvestre, 122 R.I. 85, 88, 404 A.2d 476, 478 (1979), the Supreme Court held that a collector's deed constitutes "prima facie evidence of all facts essential to the validity of the title thereby conveyed" under § 44-9-12. The court held that the collector's deed "is evidence that the city served the Sylvestres either personally or by certified mail." 404 A.2d at 478. However, the issue of due process was not before the Supreme Court and was not addressed in Picerne, which was actually an adverse possession case. Therefore, Picerne is not dispositive.