## L. BRAYTON FOUNDRY BUILDING, INC.

v.

### Christopher D. SANTILLI et al.

### No. 95–203–APPEAL.

Supreme Court of Rhode Island.

June 7, 1996.

Patrick T. Conley, E. Providence, for Plaintiff.

Michael A. Gamboli and Susan E. McGuirl, Providence, for Defendants.

## OPINION

PER CURIAM.

This matter came before the court on April 1, 1996, pursuant to an order directing the plaintiff to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, L. Brayton Foundry Building, Inc., appeals from a Superior Court order voiding a tax sale and denying its petition to foreclose the right of redemption on the purchased property.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The facts in this case are undisputed. The defendants, Christopher D. and John A. Santilli, purchased the property located at 331 Washington Street in West Warwick, Rhode Island, on May 26, 1989. The defendants listed their address on the deed as that of the purchased property. Subsequently, a tax lien accrued on the property, and on August 6, 1993, a tax sale was held. The plaintiff purchased the property valued at $129,400

for $1,525.86, the amount of unpaid sewer taxes. According to plaintiff, tax bills were customarily sent to the subject property. Before the tax sale, the West Warwick tax collector sent notice of the pending tax sale to defendants at the subject property address, notified the mortgagee, and issued notice by publication. The defendants, however, did not reside at 331 Washington Street and consequently never received notice of the tax sale. Eventually, defendants were notified by the mortgagee of plaintiff's petition to foreclose the right of redemption on the property. To protect their interests, defendants filed an answer seeking redemption and an amended answer challenging the validity of the tax sale on the basis of lack of notice. Up until the time the property was sold at auction, defendants were current on all mortgage obligations, including property taxes that were held in escrow by the mortgagee.

The Superior Court invalidated the tax sale on the basis that the tax collector had failed to undertake reasonable efforts to ascertain defendants' last and usual place(s) of abode in violation of defendants' due process rights and the statutory notice provisions of G.L.1956 § 44–9–10. Relying upon the invalidity of the tax sale, the court below denied plaintiff's petition to foreclose the right of redemption on the property. The plaintiff filed a timely notice of appeal to this court.

The plaintiff contends that the trial court erred in concluding that the town had failed to afford defendants proper notice of the tax sale. It argues that the taxpayer has the responsibility of keeping the local government advised of his or her whereabouts and that the municipality need only send notice to the taxpayer's last known address without establishing whether this address constitutes his or her last and usual place of abode, much less what efforts it made to ascertain the same. The plaintiff asserts that it would be unjust to burden a municipality with the affirmative obligation of scouring public records in an attempt to determine a taxpayer's last and usual place of abode, especially where, as here, the very deed by which the taxpayers took title to the property contains the same address that the municipality used in sending out its tax-sale notice. But the short answer to this argument is that this is not the type of notice that the General Assembly has prescribed before a tax sale can occur.

■ In Rhode Island a tax collector has explicit authorization, pursuant to chapter 9 of title 44, to sell by public auction the smallest undivided part of the land that will satisfy the unpaid tax debt. Section 44–9–8. Recognizing that a tax sale is for the enforcement of taxes and not for the purpose of depriving an individual of his or her property, § 44–9–10(a) mandates that a specific type of notice be given to a taxpayer, whether or not the taxpayer is a state resident, namely,

> "by registered or certified mail sent postpaid to the taxpayer's last and usual place of abode not less than twenty (20) days before the date of sale or any adjournment thereof, or be left at the taxpayer's last and usual place of abode, or personally served on the taxpayer not less than twenty (20) days before the date of sale or any adjournment thereof, but no notice of adjournments shall be necessary other than the announcement made at the sale."

It is well settled that the failure to comply fully with these statutory-notice provisions invalidates the attempted tax sale. *Williams v. City of Providence,* 641 A.2d 1328 (R.I. 1994); *see also Ashness v. Tomasetti,* 643 A.2d 802 (R.I.1994).

Section 44–9–10(a) requires the collector either to serve the taxpayer personally, to leave the notice at the taxpayer's last and usual place of abode, or to mail notification of the pending tax sale to the taxpayer's last and usual place of abode. It is undisputed that 331 Washington Street is neither the "last" nor the "usual place of abode" of either defendant. Christopher Santilli has resided at 20 Grove Avenue in Cranston, Rhode Island, since April of 1991 and John A. Santilli has resided at 14 Finne Road in Johnston, Rhode Island, since 1975. The trial court below, like the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), determined that defendants' whereabouts could have been ascertained without great difficulty or expense. For example, it appears that

Christopher Santilli was listed in the Greater Providence area phone book.

This court has not yet delineated what efforts, if any, must be made by a tax collector in fulfilling the statutory-notice requirements of § 44–9–10(a) when, as here, the address to which the tax-sale notice has been mailed is not in fact the taxpayer's last and usual place of abode. The United States Supreme Court, however, has held that before a state takes an action that "will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment," it "must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180, 185 (1983) (quoting *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873).

■ The defendants here, as owners and mortgagors, possess a property interest that may be significantly affected by a tax sale; and because of this legally protected property interest, they are entitled to notice reasonably calculated to apprise them of a pending tax sale. *See id.* at 798, 103 S.Ct. at 2711, 77 L.Ed.2d at 187. Other than the listing of defendants' address in the original deed to the subject property, the tax collector had no evidence indicating that 331 Washington Street is now or was ever defendants' last and usual place of abode.

An address may or may not be a taxpayer's *place of abode;* if it is, it may or may not be the taxpayer's *usual* place of abode; and if it is, it may or may not be the taxpayer's *last* place of abode, especially when, as here, the address in question predates by four years the time of the tax-sale notice.

■ We have said before that a statute authorizing a tax sale is to "be strictly construed in favor of the owner." *Parker v. MacCue*, 54 R.I. 270, 272, 172 A. 725, 726 (1934). It is our opinion that in connection with a 1993 tax sale, the tax collector's mailing to an address listed by the taxpayers over four years earlier in a 1989 deed as evidence of defendants' last and usual place of abode is not the type of notice reasonably calculated to apprise defendants of a pending tax sale of their property—at least in a situation, as here, in which the address used in the tax-sale notice is not in fact the taxpayer's last and usual place of abode. The Supreme Court has stated that "when notice is a person's due, process which is a mere gesture is not due process. The means employed must be * * * reasonably certain to inform those affected * * *." *Mullane*, 339 U.S. at 315, 70 S.Ct. at 657, 94 L.Ed. at 874.

The trial justice below fittingly noted that even though a tax collector need not make herculean efforts in attempting to ascertain a delinquent taxpayer's current residence, for all that the record reveals, even a modicum of reasonable diligence would have disclosed that 331 Washington Street was indeed not the defendants' last and usual place of abode. Since the tax collector did not comply with the statutory-notice provision mandated by § 44–9–10(a), the trial justice did not err in voiding the tax sale and denying the plaintiff's petition to foreclose the right of redemption.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.