Michael CUNHA

v.

Tundorn THANAWITSUK, et al.

No. 95–739–Appeal.

Supreme Court of Rhode Island.

Nov. 14, 1997.

Fernando S. Cuhna; Patick T. Conley, Jr., Providence.

Bruce D. Todesco, Providence.

### ORDER

This case came before the court for oral argument November 5, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The petitioner, Michael Cunha, appeals from a Superior Court judgment denying his petition to foreclose the right of redemption on real estate located at 20 Forsyth Street, in Providence, Rhode Island on the basis that defendants never received notice of the tax sale as required by G.L. 1956 § 44–9–10.

On October 29, 1985, defendants, Tundorn and Siriwan Thanawitsuk (taxpayers), purchased the aforementioned property. The taxpayers listed their address on the deed as that of the purchased property. Thereafter, a tax lien accrued against the property. On June 30, 1994, a tax-sale was held by the city of Providence and petitioner purchased the property at the tax-sale.

Prior to the tax sale, the Providence tax collector sent notice of the sale addressed to taxpayers at the taxed premises. By July 5, 1995, taxpayers had taken no steps to redeem the property and petitioner filed a petition to foreclose their right of redemption. Around this same time, petitioner discovered that 20 Forsyth Street was not the address where taxpayers resided. After a lengthy search conducted by a constable, petitioner ascertained that taxpayers resided in Massachusetts. On or about August 5, 1995, petitioner sent notice of the redemption foreclosure by certified mail, return receipt requested to Tundorn and Siriwan Thanawitsuk, at 4356 Washington Street, Roslindale, Ma. 02131. The taxpayers filed an answer seeking redemption and challenging the validity of the tax-sale based upon lack of proper notice, alleging that they did not reside at the taxed premises and, thus, never received notice of the tax sale.

Notice requirements set forth in G.L. 1956 § 44–9–10(a) are as follows:

> Whether or not the person to whom the estate is taxed be a resident of this state, the collector shall, in addition to the foregoing, notify the taxpayer of the time and place of sale either by registered or certified mail sent postpaid to the taxpayer's last and usual place of abode not less than twenty (20) days before the date of sale or any adjournment thereof, or be left at the

taxpayer's last and usual place of abode, or personally served on the taxpayer not less than twenty (20) days before the date of sale or any adjournment thereof, but no notice of adjournments shall be necessary other than the announcement made at the sale.

It is well settled that owners of an interest in real estate possess a property interest that may be significantly affected by a tax sale and, as such, they are entitled to notice reasonably calculated under all circumstances to apprise them of a pending tax sale. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); *L. Brayton Foundry Bldg. v. Santilli*, 676 A.2d 1364, 1366 (R.I.1996).

A hearing was held before a justice of the Superior Court at which he considered an affidavit filed by the taxpayers which stated that they had not received the notice of the tax sale and that their last and usual place of abode was not at 20 Forsyth Street in Providence, but was and had been at 4356 Washington Street, Roslindale, Massachusetts. No evidence was presented, nor was an offer of proof made concerning the efforts of the tax collector to ascertain the true address of the taxpayers in order to give the statutory notice of the sale of the subject property. The record would indicate that the tax collector failed to comply with the notice provisions set forth in § 44–9–10(a). The only basis that appears for the sending of the notice to 20 Forsyth Street was that this address was listed on the deed to the property by which the taxpayers had taken title nearly nine years before the tax sale. In *L. Brayton Foundry Building, Inc. v. Santilli, supra*, we held that notice to a taxpayer directed to an address listed on a deed four years prior to a sale was not the type of notice reasonably calculated to apprise defendants of a pending tax sale of their property. We noted in that case that the taxpayers' address was listed in the greater Providence area telephone book and that reasonable diligence would have disclosed the correct address.

In the case at bar, the record does not disclose what efforts were made by the tax collector to ascertain taxpayers' last and usu-al place of abode. The burden of proving such efforts in order to excuse the tax collector's failure to send the statutory notice was upon the petitioner who sought to foreclose taxpayers' right of redemption. This burden was not sustained. It is significant that the petitioner, Michael Cunha, was able to ascertain the proper address, even though he did so by utilization of the services of a constable. In the absence of explanation undisclosed in this record, we cannot assume that the resources of the city of Providence would have been inadequate to achieve the same result as that obtained by the petitioner if a reasonable search had been undertaken.

Consequently, we are of the opinion that the trial justice was correct in holding that the tax sale was invalid for lack of notice and therefore in denying the petition to foreclose the right of redemption. The petitioner's appeal is denied and dismissed. The decision of the trial justice is affirmed.