**Maurice C. PARADIS, Director of the Department of Business Regulation**

v.

**HERITAGE LOAN AND INVESTMENT COMPANY.**

**No. 96–220–A.**

Supreme Court of Rhode Island.

Sept. 19, 1997.

Gregory A. Madoian, Providence.

Normand G. Benoit, Providence.

**ORDER**

This case came before the Supreme Court on September 16, 1997, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be

summarily decided. The claimants, Phyllis Gillett and Mario Papitto, have appealed from a Superior Court judgment that their claimed funds are not entitled to priority payments as a deposit with Heritage Loan and Investment Company (Heritage).

After hearing the arguments of counsel for the parties and reviewing their memoranda, this Court concludes that cause has not been shown, and the case will be decided at this time.

As a consequence of the Heritage receivership, Heritage assets were transferred to the Depositors' Economic Protection Corporation (DEPCO) in June 1992, and DEPCO began to pay Heritage depositors the money due them. Funds were withheld in the case of certain unusual accounts pending further investigation. The claimants did receive the entire amounts of four other interest-bearing accounts with Heritage, but the Receiver did not pay to them certain claimed funds, which allegedly contained $150,000 in two non-interest bearing "off-line" accounts, for which the bank purposefully maintained no computer records, and $47,400 in "safekeeping" funds that were left with a bank employee for storage in the bank's vaults. On July 25, 1994, the Special Master appointed for Heritage denied claimants access to these funds claimed as deposits at Heritage. He noted that no documentary evidence supported the existence of the two non-interest bearing accounts and held that the quality of evidence was insufficient to demonstrate the existence or amount of the two accounts. The Master further stated that Heritage did not maintain these accounts in the usual course of its business but rather that the claimants, as they themselves acknowledged, kept their money in this manner in order to keep it secret. He concluded that both the non-interest bearing accounts and the "safekeeping" funds were more in the nature of a bailment than a deposit and, as such, they were not entitled to priority as a deposit with Heritage.

Following a de novo review of the Master's decision, a Superior Court trial justice held that the Special Master had correctly determined that the claimed funds did not qualify as deposits entitled to priority claim status.

The claimants urged in their appeal to this Court, as they did before the Superior Court, that witness testimony was uncontroverted in showing that these amounts were on deposit with Heritage and therefore should have been accepted by the trial justice.

This Court has held, however, that a trial justice may refuse to accept the uncontroverted testimony of proffered witnesses. *Laganiere v. Bonte Spinning Co.*, 103 R.I. 191, 236 A.2d 256, 258 (1967). And importantly, this Court has held that G.L.1956 § 19–12–13, as enacted by P.L.1995, ch. 82, § 50, (formerly codified as § 19–15–12), bars the assertion of any claim or defense premised upon any unrecorded agreement between a claimant and a failed banking institution or credit union that does not satisfy all four requirements of the section, against any receiver of any financial institution or credit union or against any asset acquired by the receiver as a result of a receivership proceeding. *Paradis v. Greater Providence Deposit Corp.*, 677 A.2d 1340 (R.I.1996). Specifically, this Court has adopted the requirement, first enunciated in *Langley v. Federal Deposit Insur. Corp.*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), with respect to 12 U.S.C. § 1823(e), that "any alleged agreement, including alleged implied agreements sought to be enforced against a banking institution receiver, be supported by some explicit writing in the bank's official records or by an express written agreement between the banking institution and the claimant." *Rhode Island Depositors Economic Protection Corp. v. P. Alan Ryan*, 697 A.2d 1087, 1095 (R.I.1997) (quoting *Paradis*, 677 A.2d at 1343).

This Court will not disturb the findings of a trial justice sitting without a jury in a civil matter "unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Harris v. Town of Lincoln*, 668 A.2d 321, 326 (R.I.1995) (citing *Gross v. Glazier*, 495 A.2d 672, 673 (R.I.1985) and *Lisi v. Marra*, 424 A.2d 1052, 1055 (R.I. 1981)). As indicated in the foregoing analysis, no such errors occurred.

Consequently, we deny and dismiss the appeal and affirm the judgment of the Supe-

rior Court, to which we return the papers in this case.