Nicholas **BARONE, Jr.**

v.

Joseph R. **COTRONEO.**

No. 97–179–Appeal.

Supreme Court of Rhode Island.

May 15, 1998.

Steve Conti, Providence.

Joseph R. Cotroneo.

### ORDER

This case came before the Court for oral argument May 6, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Joseph R. Cotroneo has appealed from a judgment entered in the Superior Court in favor of plaintiff, Nicholas Barone, Jr., in an action for rescission of a contract for the sale of a parcel of unimproved real estate. The action was based upon an alleged misrepresentation of fact concerning the dimensions of the lot. The sale price was $47,000 and plaintiff made a $4,000 deposit and entered into a purchase and sale agreement.

After the agreement was signed, plaintiff accompanied by his building contractor and his attorney inspected the lot. The building contractor pointed out that the lot was smaller than had been represented on the plat map. The contractor advised that the lot could not accommodate a house with dimensions of 40' × 60'. The plaintiff testified that defendant had verbally assured him that the lot could accommodate a house of those dimensions. Plaintiff demanded the return of his deposit and defendant refused.

The case was tried before a justice of the Superior Court without the intervention of a jury. The trial justice found that the purchase and sale agreement did not contain the

entire understanding of the parties and that a material condition underlying the purchase was that the lot should be able to accommodate a 40′ × 60′ house. The court further held that the plaintiff had proven by a fair preponderance of the evidence that defendant had misrepresented the size of the lot and that therefore, plaintiff was entitled to the return of his deposit plus interest and costs. A judgment entered in favor of plaintiff in the amount of $4,000 plus interest and costs for a total sum of $6,858.

In support of his appeal defendant has raised seven issues which in summary all indicate that the trial justice's findings of fact and conclusions of law were erroneous. Our review of the record indicates that the trial justice gave every consideration to this defendant who tried his case pro se. He assisted defendant in raising appropriate objections and gave him latitude in establishing foundations for the introduction of evidence.

It is well settled that our standard of review of the findings of fact by a trial justice in a non-jury case is deferential. We shall not disturb such findings unless they are clearly wrong or unless the trial justice has overlooked or misconceived relevant and material evidence. *Wickes Asset Management, Inc. v. Dupuis*, 679 A.2d 314, 317 (R.I.1996).

In the case at bar, we are of the opinion that the decision and findings of fact of the trial justice were supported by credible evidence. He did not overlook or misconceive evidence nor was he otherwise clearly wrong.

Consequently, the defendant's appeal is denied and dismissed. The judgment entered in the Superior Court is hereby affirmed.