Jose A. CABRAL et al.

v.

George DuPONT.

No. 99–207–Appeal.

Supreme Court of Rhode Island.

Jan. 5, 2001.

John DiMeglio, N. Providence, Fernando S. Cunha, Providence, for Plaintiff.

John L. Vallone for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on November 14, 2000, pursuant to an order directing the defendant, George DuPont, to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the issues raised by this appeal at this time.

### Facts and Travel

On August 27, 1993, Jose and Irene Cabral (plaintiffs or Cabrals) entered into a purchase and sales agreement with George Dupont (defendant or Dupont) to buy a home at 21 Vanzandt Avenue in Warwick, Rhode Island. After the agreement was signed by both parties, plaintiffs decided that they wanted a three-bedroom house, rather than a two-bedroom house, at which time an addendum to the purchase and sales agreement was executed. The addendum provided that a sum of $16,000 would be withheld from the purchase price of the home and placed into a checking account in the names of both the Cabrals and Dupont, requiring the signature of both parties to withdraw any funds. The addendum also stated that unless the requisite building permits, Individual Sewage Disposal System approval and approval from the Department of Environmental Management Wetlands Division were ob-

tained by March 31, 1994, the money would be returned to plaintiffs.

On August 27, 1993, a closing on the property was held and a check for $16,000 was issued in the names of both the Cabrals and Dupont. The parties were unable to deposit the money into an interest-bearing joint account, as they had originally agreed. The check was then cashed by defendant, and deposited into an interest-bearing account in Dupont's name without plaintiff's knowledge or acquiescence. The required permits and approvals were not obtained by the specified date nor was the money returned. As a result, the Cabrals filed an action in the Providence County Superior Court on May 6, 1994, seeking return of the $16,000 in accordance with the addendum to the contract. A jury-waived trial followed.

In his bench decision, the trial justice noted that much of the case rested on the credibility of the witnesses. He explained that after a careful examination of the signatures on the contract and the addendum to the contract, both signed by the plaintiff, Jose Cabral, it was clear even to the casual observer that the $16,000 check was not endorsed by the same person. The court found that plaintiff did not endorse the check that was deposited into defendant's account and that defendant was in breach of the agreement. He ordered that judgment enter in favor of plaintiff for $16,000, interest and costs, in addition to any interest that accrued while the money was in an interest bearing account. It is from this decision that defendant appeals.

## Discussion

The defendant has articulated two arguments on appeal. First, that the trial justice erred as a matter of law in making credibility determinations after the fraud count of the complaint was dismissed.[1]

Dupont next argued that the trial justice erred in awarding both statutory pre-judgment interest, as well as the interest that accrued as a result of the deposit into an interest bearing account.

The law in Rhode Island is well settled with respect to the standard of review in nonjury trials. "This Court will not disturb the findings of a trial justice sitting without a jury [in a civil matter] unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Harris v. Town of Lincoln,* 668 A.2d 321, 326 (R.I.1995) (citing *Gross v. Glazier,* 495 A.2d 672, 673 (R.I.1985) and *Lisi v. Marra,* 424 A.2d 1052, 1055 (R.I.1981)). Our review of the findings of fact made by a trial justice sitting without a jury is deferential. "We shall not disturb such findings unless they are clearly wrong or unless the trial justice has overlooked or misconceived relevant and material evidence." *Barone v. Cotroneo,* 711 A.2d 648, 649 (R.I.1998).

The trial justice in this case made specific findings relative to the credibility of the witnesses and concluded that "Mr. Cabral is to be believed * * *" and "Dupont's credibility leaves a lot to be desired." A trial justice's credibility determinations are accorded great weight. Based upon our careful and deferential review of the record, there is no indication that the trial justice overlooked or misconceived material evidence. In making his decision, the trial justice concluded that, based on the testimony of the witnesses, Dupont was not a believable witness. For these reasons we affirm the portion of the trial justice's decision with respect to his credibility finding that defendant breached the agreement with plaintiffs and his credibility determinations.

1. In an amended complaint filed on October 24, 1996, plaintiffs alleged that defendant committed forgery and fraud by cashing the $16,000 check with Jose Cabral's purported signature. At the close of plaintiff's case, counsel conceded to the fraud count of the complaint. Upon defendant's motion, the trial justice dismissed that portion of the claim.

■ With respect to the award of pre-judgment interest, however, we are satisfied the trial justice erred in awarding double interest in this case, and we vacate that portion of the judgment. Here the parties agreed that the $16,000 would be placed in an *interest-bearing* account. Regardless of whether or not the money was placed in a joint checking account as they originally had agreed, the money nevertheless was placed in an interest-bearing account. The plaintiff claims an entitlement to both the interest from the interest-bearing account and statutory interest, pursuant to G.L.1956 § 9–21–10. Section 9–21–10(a) provides:

"In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. *This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided.*" (Emphasis added.)

Here the parties specific agreement to deposit the check into an interest bearing account amounts to an exception to § 9–21–10, thereby relieving the defendant from the pre-judgment interest. We are satisfied that plaintiffs are entitled to the interest that was agreed upon, rather than statutory interest provided by § 9–21–10. Accordingly, we reverse the portion of the trial justice's decision relative to the award of statutory interest.

For the reasons set forth above, the defendant's appeal is sustained in part and denied in part. The judgment is affirmed in part, reversed in part. The papers in this case may be remanded to the Superior Court in accordance with our decision.