**Jeffrey L. VIGNEAUX**

v.

**Lorraine T. CARRIERE.**

No. 2003–421–Appeal.

Supreme Court of Rhode Island.

April 8, 2004.

late at night approximately one and one-half years before trial.

Joseph P. Carroll, for Plaintiff.

Kevin Douglas Heitke, Harrisville, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 3, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

In May 2000, defendant, Lorraine T. Carriere (defendant or Carriere), decided to sell her home and placed a "For Sale By Owner" sign on a tree in her front yard. Two days later, on May 17, 2000, plaintiff, Jeffrey L. Vigneaux (plaintiff or Vigneaux), saw the sign and approached defendant. After a brief tour, plaintiff expressed his interest in purchasing the home. The defendant informed him that the selling price was $125,000, and plaintiff responded that he wanted to purchase the property. The plaintiff immediately returned to his home and drafted a document memorializing their discussion. That same day, the parties reviewed the document, added additional terms on the back, and executed the document in duplicate. The plaintiff gave defendant a $100 deposit and the parties agreed that he would have thirty days to obtain financing.

Shortly thereafter, plaintiff applied for financing from a mortgage company; his application was approved on June 7, 2000. In accordance with the conditions of plaintiff's financing, the property was appraised on June 7, 2000, and inspected for pests on June 9, 2000. Although unsure of the exact date, plaintiff testified that before the thirty-day period had expired, he informed defendant that he had obtained the requisite financing.

The parties met again on June 14, 2000, at which time, they signed a real estate disclosure form pertaining to the property. At this meeting, defendant presented plaintiff with a purchase and sale agreement drafted by her newly hired attorney. Although she asked plaintiff to sign the agreement, he refused to do so because "[they] already had an agreement signed to purchase the home." The plaintiff testified that later that day, defendant notified him that she was taking the property off the market because she believed she could get a higher price.

Shortly thereafter, defendant retained the services of a real estate agency to market the property. After learning that the home was being offered for sale, plaintiff contacted defendant's real estate agent, Joanne DeLoia, and informed her of his purchase agreement with defendant. Then, on June 23, 2000, plaintiff recorded the executed document in the land evidence records at the town hall.

On May 17, 2001, plaintiff filed a breach of contract claim in Superior Court seeking specific performance. Sitting without a jury, the trial justice found that the executed document satisfied the statute of frauds, G.L.1956 § 9–1–4, and that plaintiff was at all times ready, willing and able to perform his part of the contract. The trial justice ordered defendant to specifically perform the contract by conveying her home to plaintiff. On appeal, defendant asserts that the trial justice erred in ordering specific performance because the record fails to support the trial justice's findings. We reject this argument.

■ When reviewing the findings of fact by a trial justice in a nonjury case, we apply a deferential standard of review. *Macera v. Cerra*, 789 A.2d 890, 893 (R.I. 2002) (citing *Barone v. Cotroneo*, 711 A.2d 648, 649 (R.I.1998) (mem.)). "This Court will not disturb the findings of a trial justice sitting without a jury unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do ·substantial justice between the parties." *Id.* at 892–93 (quoting *Harris v. Town of Lincoln*, 668 A.2d 321, 326 (R.I.1995)).

■ Pursuant to § 9–1–4(1), "[n]o action shall be brought * * * to charge any person upon any contract for the sale of lands * * * unless the promise or agreement upon which the action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith * * *." A note or memorandum satisfies the statute if it provides the "[identity] of the seller and the buyer, their respective intention to sell and to purchase, such a description of the subject matter of the sale as may be applied to a particular piece of land, the purchase price, *and the terms of payment if the sale is not for cash*." *Caito v. Juarez*, 795 A.2d 533, 536 (R.I.2002) (per curiam) (quoting *Greensleeves, Inc. v. Smiley*, 694 A.2d 714, 716 (R.I.1997) (per curiam)).

■ We agree with the trial justice that the document at issue in this case satisfies the requirements of the statute of frauds. It very clearly states that "Lorraine T. Carriere [does] receive and acknowledge * * * check number 1320 in the amount of $100.00 as a deposit on [her] home at 375 Central Street, Harrisville from Mr. Jeffrey Vigneaux of Harrisville." The agreement also provides that the price of the home is $125,000 and that "Mr. Vigneaux has 30 days to obtain proper financial support from his lender." On the back side of the document, several handwritten and initialed notes set forth additional conditions such as requiring that all closing costs be included in the final payment by lender and allowing defendant ninety days from

date of closing to vacate the premises. The defendant signed the document and initialed each of the handwritten notes.

■ Despite its detail, defendant maintains that the contract fails because it does not indicate the closing date nor does it provide the payment terms. The defendant also contends that any ambiguities in the document should be construed against plaintiff, its drafter. The defendant, however, overlooks her own role in the creation of this document. On cross-examination, defendant readily admitted that both she and plaintiff added additional terms to the written contract. Although she had the opportunity to add any additional conditions or terms that she deemed necessary, such as more precise payment terms or the date upon which the purchase was to be completed, defendant failed to do so. After signing the document and accepting a deposit on the property, defendant cannot now seek to be relieved of her obligation by her own failure to set forth the contract terms in more detail. Additionally, we note that although the terms of the agreement are limited, the contract provides that the buyer must obtain financing within thirty days and that all closing costs are to be included in the final payment by the lender. Finally, "[i]n the absence of a stipulation, it is ordinarily held that a contract for the sale of land is to be performed within a reasonable time." *Durepo v. May*, 73 R.I. 71, 75, 54 A.2d 15, 18 (1947); *see also Barden v. Sarkin*, 73 R.I. 170, 176, 53 A.2d 913, 915 (1947).

The defendant also asserts that the contract lacked mutuality of obligation because it "amounted to little more than an agreement to see if the parties could agree on a purchase and sales agreement at some point in the future." At trial, defendant maintained that throughout her transactions with plaintiff, it was understood between the parties that the signed document was subject to being formalized in a purchase and sales agreement to be drafted by her attorney. The record, however, failed to provide any evidence of such an understanding. At the parties' initial meeting on May 17, 2000, defendant had not yet retained counsel. The disputed document does not refer to a second, attorney-prepared agreement, and defendant admits that although she had the opportunity to include this condition, she failed to do so. In a written decision, the trial justice found that mutual intent existed and was "exhibited by the placing of a for sale sign, signing the document after adding conditions, acceptance of the deposit, application for the mortgage, inspection of the property, and the execution of the Real Estate Disclosure Form." The record irrefutably supports the trial justice's findings.

■ Finally, the defendant argues that the trial justice erred in granting specific performance because the plaintiff was not a ready, willing and able buyer. We disagree. After inspecting the defendant's home, the plaintiff immediately expressed his interest in purchasing the property; he drafted the agreement and gave the defendant a deposit towards the purchase price. Shortly after their initial meeting, the plaintiff applied for mortgage financing and he was approved on June 7, 2000. The plaintiff remained in contact with the defendant until she expressed her desire to take her home off the market. At that point, the plaintiff further expressed his willingness to go forward with the sale by inquiring about the property with the defendant's real estate agent and recording the parties' agreement in the land evidence records. Our review of the record satisfies us that ample evidence was produced to support the trial justice's findings.

For the reasons stated herein, we affirm the judgment of the Superior Court. The

record shall be remanded to the Superior Court.