**ARNOLD ROAD REALTY ASSOCIATES, LLC,**
**et al.**

v.

**The TIOGUE FIRE DISTRICT.**

No. 2003–615–APPEAL.

Supreme Court of Rhode Island.

May 24, 2005.

Edward L. Maggiacomo, Providence, for Plaintiff.

Richard Friend, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Arnold Road Realty Associates, LLC (Arnold Road), filed a civil action to recover damages from the defendant, the Tiogue Fire District (Fire District), on two counts of slander of title. The basis of the alleged slander was both the recording of, and the failure to remove, a tax collector's deed to property that Arnold Road formerly owned in Coventry, Rhode Island. Finding no malice, the trial justice rejected the slander-of-title claims and ordered that judgment enter in favor of the Fire District on both counts. Thereupon, Arnold Road sought to amend its complaint by adding A. Cardi Realty Company, Inc. (Cardi Realty Company) as a party plaintiff, and by adding counts for declaratory judgment and to quiet title. Ruling that his earlier decision on the slander-of-title claims was dispositive of the additional claims, the trial justice granted

the plaintiff's motion to amend and summarily entered judgment for the plaintiffs on the declaratory-judgment and quiet-title counts. Judgment was entered on October 22, 2003, from which all parties appealed.[1] For the reasons set forth herein, we affirm the judgment of the Superior Court.

## Facts and Travel

Arnold Road owned property in Coventry designated as Assessor's Plat No. 15, lot No. 97.1 (lot No. 97.1). It had acquired the property from Cardi Realty Company by warranty deed dated January 18, 2000. In March 2000, Arnold Road was negotiating to sell lot No. 97.1 to Commerce Park Realty, LLC (Commerce Park). A title examination of the property by Commerce Park uncovered the fact that on August 14, 1992, the Fire District had conducted a tax sale of the property because of unpaid fire district taxes. There were no bidders at the tax sale and the Fire District received title to the property through a collector's deed. The collector's deed, dated August 28, 1992, indicates that a portion of taxes assessed from December 31, 1988 through December 31, 1991, had not been paid and that notice of the tax sale had been sent to A. Cardi Construction Company (Cardi Construction).

As a condition of completing the sale to Commerce Park, Arnold Road was required to place $50,000 cash into an escrow account with the closing attorney pending payment of any unpaid fire district taxes and release of the collector's deed. The closing was held on March 31, 2000, and Arnold Road transferred title to Commerce Park by warranty deed. On April 19, 2000, Arnold Road, through counsel, notified the Fire District by letter that the collector's deed was invalid. It asserted that the 1992 tax sale had been conducted for unpaid fire district taxes allegedly owed by Cardi Construction, but that Cardi Construction had never owned the subject parcel. Arnold Road further alleged that the recording of the collector's deed had slandered the title of the property, causing it to suffer damages, and that it was poised to initiate litigation if the matter were not resolved promptly. Receiving no response, Arnold Road filed suit on June 2, 2000, for compensatory and punitive damages, alleging that the Fire District slandered its title on two occasions—when the collector's deed was recorded and when the Fire District failed to release or reconvey the collector's deed after it was notified that the tax sale had been conducted against the wrong property.

The matter was tried before a Superior Court justice without a jury on April 16 and 17, 2003. Three witnesses testified: Joseph DiGianfilippo, an attorney who testified as an expert in title research; Stephen A. Cardi, the former treasurer of Cardi Realty Company and a "member" of Arnold Road; and Dolores Danusis, the current tax collector for the Fire District. Mr. DiGianfilippo testified that he performed a title examination on the subject property on behalf of Commerce Park, and that lot No. 97.1 originally was part of a larger, eighty-acre parcel acquired by Cardi Realty Company by deed dated December 21, 1961. In 1990 a replacement deed was recorded, evidencing a split of this eighty-acre parcel into two relatively equal-sized parcels—lot No. 97.1 was retained by Cardi Realty Company and lot No. 97.2 was conveyed to Cardi Construc-

---

**1.** The record discloses that only one filing fee was paid in conjunction with the filing of plaintiffs' notice of appeal on November 7, 2003. An additional filing fee, however, was tendered on February 24, 2005, for the "second plaintiff."

tion.[2] Mr. DiGianfilippo testified that the Fire District conducted a tax sale on lot Nos. 97.1 and 97.2 purporting to convey the interest that Cardi Construction had in both lots; however, Cardi Construction never held title to lot No. 97.1. Mr. DiGianfilippo further testified that at the time of the filing of the collector's deed, dated August 28, 1992, Cardi Realty Company owned lot No. 97.1 and that the collector's deed omits any reference to Cardi Realty Company. The collector's deed indicates that a portion of taxes assessed from December 31, 1988 through December 31, 1991, had not been paid. Mr. DiGianfilippo also testified that Cardi Realty Company transferred the property to Arnold Road by warranty deed dated January 18, 2000. Mr. DiGianfilippo opined that the collector's deed was invalid, but that it nevertheless constituted a cloud on the title to lot No. 97.1, which prevented Arnold Road from transferring "marketable title" to Commerce Park. Mr. DiGianfilippo testified that he called the Fire District about the tax collector's deed and spoke to a "clerk or someone" (he could not recall either the name or gender of the person he spoke to) and inquired about the substance of the tax collector's deed.

Stephen A. Cardi testified that Cardi Realty Company and Arnold Road are affiliated entities, and that Cardi Realty Company has not been affiliated with Cardi Construction since 1990. Mr. Cardi stated that Arnold Road was incorporated effective January 17, 2000—the day before Cardi Realty Company transferred lot No. 97.1 to it. Mr. Cardi said he had no memory that either Cardi Realty Company or Arnold Road ever received notice of the tax sale or, indeed, of delinquent taxes; he first became aware of the collector's deed

after the aforementioned title search. Mr. Cardi testified that, after becoming aware of the collector's deed, he believes he contacted the Fire District and requested a release.

Dolores Danusis explained that the Fire District relies on tax information provided by the Town of Coventry which, in this case, indicated that Cardi Construction owned lot No. 97.1 at the time of the tax sale. Ms. Danusis, who was not the tax collector at that time, testified that she did not know, and did not have any records indicating, whether notice of the tax sale was sent to either Cardi Realty Company or Cardi Construction; however, the August 14, 1992 tax sale was advertised in the Kent County Daily Times. That notice referred to Cardi Construction and lot No. 97.1, but did not refer to Cardi Realty Company. Ms. Danusis also testified about information pertaining to Cardi Construction and Cardi Realty Company contained in the Fire District's files. This information, which apparently was provided to the Fire District by Cardi Construction, contained tax bills, along with correspondence between the Town of Coventry and Cardi Construction referring to an apparent attempt to adjust the town property tax on the split property. Ms. Danusis testified that she was unsure of the origin of many of these documents. When asked why the Fire District had not released the collector's deed despite plaintiff's reported requests to do so, Ms. Danusis responded, "[b]ecause all indications show taxes were not paid on [lot No. 97.1], and it did go for tax sale."

On July 10, 2003, the trial justice issued a bench decision in which he found that

---

**2.** The replacement deed purports to replace an unrecorded deed dated December 12, 1984, which has been lost or misplaced. The replacement deed conveyed Cardi Realty Company's interest in "Parcel A," the former designation of lot No. 97.2. Cardi Realty Company retained "Parcel B," the former designation of lot No. 97.1.

Arnold Road failed to prove the requisite element of malice necessary to support its slander-of-title allegations. Concerning the issuance and recording of the collector's deed, the trial justice found that "at worst" the Fire District relied on incorrect information supplied by the Town of Coventry. The trial justice stated that he could not find that the 1990 and 1991 taxes were levied against the wrong property, and consequently the Fire District did not act maliciously in refusing to release the collector's deed since it "believed that the taxes were properly assessed with regard to [lot No. 97.1]."

The trial justice also found that "someone other than the true owner was given notice of the tax sale and the resulting deed[,]" and as a result, the collector's deed "may be void *ab initio* for failing to effect notice to the proper party." (Emphasis added.) The trial justice noted, however, that "an action to quiet title or to declare rights is not before the Court and at this time no [Super.R.Civ.P.] 15 motion * * * is pending * * * to conform the pleadings to the evidence."

Heeding the court's cue, Arnold Road filed a motion to amend under Rule 15(b) of the Superior Court Rules of Civil Procedure on August 19, 2003, in which it sought to add Cardi Realty Company as a party plaintiff and to include two additional counts, a quiet-title action and an action for declaratory relief. The Fire District objected on the grounds that it had neither expressly nor impliedly consented to try the additional issues in the amended complaint, and that it would be severely prejudiced by the lack of notice and opportunity to defend. On September 29, 2003, Arnold Road's motion to amend was granted and the trial justice issued a second bench

decision. The trial justice noted that under Rule 15(b), "when issues not raised by pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The trial justice further noted that the implied consent could be inferred when language used in the original pleading should have alerted an opposing party to the fact that a particular set of facts or theories would be relied upon and amendment would not result in substantial prejudice. In this case, the trial justice stated that the "central" and "pivotal" issue with regard to the slander-of-title claims was "the validity and enforceability of [the Fire District's] tax deed[,]" and "there was never any question that [Arnold Road's] evidence was focused on proving that the deed was invalid, and for no other purpose." Moreover, the trial justice stated that the "threshold issue" to be determined in the slander-of-title action was "whether or not the tax deed was valid and enforceable." The trial justice also noted that the Fire District could not "seriously assert that it was unsure as to the purpose of [Arnold Road's] evidence and that [it] was not afforded an opportunity to defend against the same." The trial justice pointed out that the original complaint "embodies the asserted deficiency of notice as it relates to said tax deed," and that much of the pretrial procedure focused on that deficiency. The trial justice likewise observed that the Fire District was aware that Cardi Realty Company was an interested party and had agreed to substitute all pleading references to A. Cardi Realty Associates with Cardi Realty Company.[3]

The trial justice went on to rule that his earlier decision was dispositive of the amended counts and that it "had been

---

**3.** The original complaint incorrectly identified A. Cardi Realty Associates as Arnold Road's predecessor in interest in lot No. 97.1.

clearly established that the notice of [the] tax sale, preceding the filing of the tax deed, was mistakenly given to a party who was not the owner of the property." The trial justice found that, because of the defective notice, the collector's deed was void *ab initio* and ordered that judgment enter for Arnold Road and Cardi Realty Company on the declaratory-judgment and quiet-title counts.

All parties have filed appeals from the Superior Court judgment.[4] Arnold Road and Cardi Realty Company appeal from the judgment in favor of the Fire District on the slander-of-title claims and contend that the trial justice misconceived the evidence about the element of malice. They aver that malice can be inferred from the actions of the Fire District in first recording the tax deed while "well aware of who actually owned [lot No. 97.1]" and then failing to remove the tax deed after being apprised that it was facially and procedurally invalid. The Fire District counters that the evidence produced at trial, specifically the tax roll information prepared by the Town of Coventry and the correspondence between the Town of Coventry and Cardi Construction, clearly demonstrated that the information available to the Fire District at the time of the tax sale listed Cardi Construction as the party due notice. Moreover, the Fire District contends that no evidence was presented at trial demonstrating that the 1990 and 1991 taxes for lot No. 97.1 either were levied against the wrong property or ever were paid; therefore, it did not act maliciously

in refusing to release the collector's deed "absent any proof of the payment of validly assessed taxes."

The Fire District appeals from the judgment in favor of Arnold Road and Cardi Realty Company on the declaratory-judgment and quiet-title counts, contending that the trial justice abused his discretion in granting Arnold Road's motion to amend its complaint and denying the Fire District the opportunity to amend its answer. The Fire District avers that the granting of Arnold Road's motion was exceptionally prejudicial in that the addition of Cardi Realty Company as a party plaintiff allowed the slander-of-title claims to survive a statute of limitations and standings challenge. Moreover, the Fire District avers that the addition of the declaratory-judgment and quiet-title counts after the trial concluded, combined with the denial of an opportunity to amend its answer, deprived it of its right to a full and fair hearing on the merits of the additional counts.

### Slander of Title

■■■ To recover for slander of title, Arnold Road must show "that the [Fire District] maliciously uttered false statements about [Arnold Road's] ownership of real estate which resulted in [its] sustaining an actual pecuniary loss." *Montecalvo v. Mandarelli*, 682 A.2d 918, 923 (R.I.1996) (quoting *Peckham v. Hirschfeld*, 570 A.2d 663, 666–67 (R.I.1990)). *See also Eastern Motor Inns, Inc. v. Ricci*, 565 A.2d 1265, 1273 (R.I.1989) (reiterating that a plaintiff

---

**4.** The Fire District filed a notice of appeal on October 17, 2003, before the entry of judgment. Judgment was entered on October 22, 2003, granting plaintiffs' complaint to quiet title and denying the slander-of-title claims. The plaintiffs filed a notice of appeal on November 7, 2003. The plaintiffs moved to dismiss the Fire District's appeal on the basis of its premature filing, but this Court denied that motion. This Court previously has stated that in cases in which an appeal has been prematurely filed, it will "treat the appeal as if it had been timely filed after judgment was entered." *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631, n.9 (R.I.2003) (citing *Russell v. Kalian*, 414 A.2d 462, 464 (R.I. 1980)).

in a slander-of-title action is required to prove "(1) that the alleged wrongdoer uttered or published a false statement, (2) that the uttering or publishing was malicious, and (3) that the plaintiff suffered a pecuniary loss as a result"). "The essential elements of slander of title must be proved merely by a preponderance of the evidence." 50 Am.Jur.2d *Libel and Slander* § 566 at 860 (1995). The "malice" required is "[n]ot malice in its worst sense," *Hopkins v. Drowne,* 21 R.I. 20, 23, 41 A. 567, 568 (1898), but rather "an intent to deceive or injure." *Montecalvo,* 682 A.2d at 923 (quoting *Hopkins,* 21 R.I. at 23, 41 A. at 568). "It is established by showing that a party made a false statement, with full knowledge of its falsity, for the purpose of injuring the complainant(s)." *Id.* Express malice, however, "need not be proved * * * and may properly be 'inferred from the language used or the character of the act committed.'" *Hirschfeld,* 570 A.2d at 667 (quoting *Hopkins,* 21 R.I. at 23, 41 A. at 568). In *Hopkins,* the Court explained

"[m]alice is a purpose existing only in the mind, and is not ordinarily susceptible of proof as an independent fact. It is that feeling of personal hostility or ill-will towards another which only manifests itself in language or conduct, and hence is best shown by the character of the language or conduct. In other words, it naturally and legitimately springs out of and is to be inferred from such language or conduct as naturally tends to deceive, injure, and damage another, and for which there is no legal excuse." *Hopkins,* 21 R.I. at 23, 41 A. at 568.

"The mere fact that a person asserts a claim to the property that is unfounded does not warrant a presumption of malice, but a plaintiff 'must also show that the defendant could not honestly have believed in the existence of the right he claimed, or at least that he had no reasonable or probable cause of believing so.'" *Peckham,* 570 A.2d at 667 (quoting *Hopkins,* 21 R.I. at 25, 41 A. at 569); *see also Belliveau Building Corp. v. O'Coin,* 763 A.2d 622, 630 (R.I.2000) (reiterating that a party is privileged to "assert a property interest based upon an ultimately unfounded claim without incurring liability for slander of title—provided the party asserting the property interest did so in good faith").

The determination of whether the Fire District's conduct amounted to malice is a question of fact. *See Hopkins,* 21 R.I. at 23, 41 A. at 568 (noting that "malice must be proved as a substantive fact"); *see also* 3 Restatement (Second) Torts, § 652(2)(f) at 375 (1977) (stating that in actions for injurious falsehood the jury determines whether "the defendant had knowledge of the falsity of the statement or acted in reckless disregard of its truth or falsity"). "Our review of the findings of fact made by a trial justice sitting without a jury is deferential." *Cabral v. DuPont,* 764 A.2d 114, 115 (R.I.2001). "This Court will not disturb the findings of a trial justice sitting without a jury in a civil matter 'unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties.'" *Belliveau Building Corp.,* 763 A.2d at 626 (quoting *Paradis v. Heritage Loan and Investment Co.,* 701 A.2d 812, 813 (R.I. 1997)).

Based upon our careful and deferential review of the record, we see no indication that the trial justice overlooked or misconceived material evidence in finding that Arnold Road failed to demonstrate the requisite malice on the part of the Fire District in either recording the tax deed in 1992 or failing to remove the tax deed in

2000.[5] Referring to the issuance and recording of the collector's deed, the trial justice found that "at worst" the Fire District relied on incorrect information supplied by the Town of Coventry. The fact that the trial justice ultimately determined that the collector's deed was facially and procedurally defective does not supply the malice necessary to support a slander-of-title action. As previously noted, the "fact that a person asserts a claim to the property that is unfounded does not warrant a presumption of malice, but a plaintiff 'must also show that the defendant could not honestly have believed in the existence of the right he claimed, or at least that he had no reasonable or probable cause of believing so.'" *Peckham,* 570 A.2d at 667 (quoting *Hopkins,* 21 R.I. at 25, 41 A. at 569). Despite Arnold Road's asseveration that the Fire District "was well aware" of who actually owned lot No. 97.1 when it recorded its collector's deed, the evidence presented at trial demonstrated that the Fire District relied on information contained in tax rolls provided by the Town of Coventry, which indicated that lot No. 97.1 was owned by Cardi Construction. Additionally, correspondence between the Town of Coventry and Cardi Construction indicating that in 1994, two years after the recording of the collector's deed, attempts were being made to clarify the ownership of lot No. 97.1, was admitted into evidence. Consequently, we perceive no error on the part of the trial justice in finding that Arnold Road failed to demonstrate malice

on the part of the Fire District concerning the 1992 recording of the collector's deed.

■ Turning to the Fire District's refusal to remove the collector's deed in 2000, Arnold Road asserts that even if defendant's initial recording of the deed was based upon an innocent error, the subsequent failure to correct this error by removing the tax deed requires a finding of malice. Arnold Road claims that the trial justice overlooked the testimony of Stephen A. Cardi, who testified that no taxes were owed on the property, as well as evidence that the taxes had been paid on the property—the copies of several checks payable to the Fire District from either Cardi Corporation or Cardi Realty Company.[6] These checks, however, are dated from November 1993 to November 1999, while the tax collector's deed is dated August 28, 1992, and indicates that a portion of taxes assessed from December 31, 1988 through December 31, 1991, had not been paid. Conversely, Ms. Danusis testified that taxes on the property remained unpaid; however, no evidence was submitted to support this assertion. The trial justice stated that he could not find that the 1990 and 1991 taxes were levied against the wrong property and, consequently, the Fire District did not act maliciously in refusing to release the collector's deed because its officials "believed that the taxes were properly assessed with regards to [lot No. 97.1]."

5. In reaching this conclusion, we note that we have no need to reach, and take no position on, the issues of the applicable statute of limitations for a slander-of-title action, at which point the statute of limitations begins to run, whether the discovery rule applies to a slander-of-title claim, the propriety of maintaining a slander-of-title claim for the failure to remove a tax deed, whether Arnold Road suffered sufficient pecuniary damage to support its slander-of-title claims, and what effect, if any, the conveyances via warranty

deed by Cardi Realty Company to Arnold Road, and from Arnold Road to Commerce Park have on the viability of the slander-of-title claims.

6. Stephen A. Cardi testified that Cardi Corporation is affiliated with both Arnold Road and Cardi Realty Company, and that the proprietors of Cardi Corporation are the proprietors of Arnold Road.

In reviewing the trial justice's decision, we conclude that the trial justice did not overlook evidence in finding that Arnold Road failed to prove malice on the part of the Fire District. Neither party submitted sufficient evidence that the fire district taxes either were paid or remained outstanding. Moreover, while Arnold Road wrote to the Fire District indicating that the tax collector's deed was invalid because the title examination revealed that Cardi Construction did not appear in the chain of title for lot No. 97.1, it does not appear that the title examiner's report ever was presented to the Fire District. We reject Arnold Road's argument that malice must be inferred from defendant's refusal to correct its mistake. The only evidence presented at trial that the Fire District was notified that the collector's deed allegedly was invalid was a telephone call by Mr. DiGianfilippo to an unidentified "clerk or someone," and an attorney's demand letter. In the circumstances of this case, we discern no cause to disturb the factual findings of the trial justice relating to the presence or absence of malice.

## Motion to Amend

■■■■ The Fire District alleges that the trial justice erred in granting Arnold Road's motion to amend the complaint to add counts for declaratory judgment and quiet title, and to add Cardi Realty Company as a plaintiff. The Fire District avers that the addition of the declaratory-judgment and quiet-title counts after the trial concluded, combined with the denial of an opportunity to amend its answer, deprived it of its right to a full and fair hearing on the merits of the additional counts. Arnold Road filed its motion to amend under Rule 15(b) of the Superior Court Rules of Civil Procedure.[7] Under the first part of Rule 15(b), which provides that "issues not framed by the pleadings, but which are tried by either the express or implied consent of the parties, shall be treated as if they had been raised by the parties, and the pleadings shall be amended to conform upon the motion of any party at any time, even after judgment." *Kenney v. Providence Gas Co.*, 118 R.I. 134, 140, 372 A.2d 510, 513 (1977). Implied consent to add an unpleaded issue under Rule 15(b) "is not established merely because evidence which is relevant to an issue expressly embraced by the pleading will also inferentially suggest the unpleaded issue." *Kenney*, 118 R.I. at 141, 372 A.2d at 513–14. "There can be no implied consent under Rule 15(b) unless the par-

7. Rule 15(b) of the Superior Court Rules of Civil Procedure provides:

"*Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the objecting party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Rule 15(b) contains two separate and distinct procedures for amending pleadings. The first procedure applies when issues are tried with the express or implied consent of the parties; the second procedure applies when evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings. *See* 6A Charles A. Wright et al., *Federal Practice and Procedure:* Civil 2d § 1491 at 4–5 (1990).

ties clearly understand that the evidence in question is aimed at the unpleaded issue." *Id.* at 141, 372 A.2d at 514.

In the present case, the issue of the validity of the tax collector's deed was tried by the parties as part of the slander-of-title claims. As noted above, in an action to recover for slander of title, the claimant first must show that the defendant uttered or published a false statement. *See Montecalvo*, 682 A.2d at 923; *Eastern Motor Inns, Inc.*, 565 A.2d at 1273. The trial justice noted that the "threshold issue" at trial was "the validity and enforceability of [the Fire District's] tax deed." The trial justice stated that "there was never any question that [Arnold Road's] evidence was focused on proving that the deed was invalid." He determined that defendant could not have been surprised by the additional claim to quiet title added by the amended complaint because those issues were central to the issues set forth in the original complaint. In particular, the original complaint stated Cardi Construction "does not own, and never owned, the Property in question, and does not appear in the chain of title of the Property," and that by "conducting the * * * tax sale, and by recording the Collector's Deed, the [Fire District] uttered false statements about the ownership of the Property." At trial, Mr. DiGianfilippo, the title examiner, testified that Cardi Construction never held title to the lot in question. Stephen A. Cardi testified that he never received a tax delinquency notice for the property. Ms. Danusis testified that the collector's deed did not name Cardi Realty Company as the owner of the property, but listed Cardi Construction as the owner. Additionally, the Fire District did not have any records indicating whether notice of the tax sale was sent to either Cardi Realty Company or Cardi Construction; however, the tax sale was advertised in the Kent County Daily Times before the August 14, 1992 tax sale, and referred to Cardi Construction and lot No. 97.1, but did not refer to Cardi Realty Company. Moreover, the Fire District never voiced any objection to the testimony clearly directed at establishing that the tax collector's deed was invalid. Consequently, we agree with the trial justice that the issue of the validity of the tax collector's deed was tried with the implied consent of the parties.

■ The Fire District also asserts that the trial justice's denial of an opportunity to amend its answer deprived it of its right to a full and fair hearing on the merits of the additional counts. Rule 15(b), however, contains no provision for responsive pleadings, and even states that the absence of a formal amendment "does not affect the result of the trial" of those issues actually litigated. Having impliedly consented to the trial of these issues, the Fire District is in no position to argue that it was deprived of its right to a full and fair hearing on the merits of the quiet-title and declaratory-judgment claims.

■ Concerning the addition of Cardi Realty Company as a party plaintiff, the Fire District avers that the granting of Arnold Road's motion was exceptionally prejudicial in that the addition of Cardi Realty Company as a party plaintiff allowed the slander-of-title claims to survive a statute of limitations and standings challenge. We first note that the added party did not relate to the slander-of-title claims, which the trial justice already had decided, but to the third and fourth counts of the amended complaint, which concerned quieting title to the property in question. The Fire District clearly was not prejudiced regarding the slander-of-title claims because the trial justice found no malice on the part of the Fire District, a finding that stood no matter who the plaintiffs were.

■ Moreover, we have no need to examine the issue of the propriety of adding Cardi Realty Company as a party

plaintiff for the declaratory-judgment and quiet-title counts. Although we recently have cast doubt on the ability of litigants to use Rule 15(b) as a means of adding additional parties,[8] Cardi Realty Company was not a necessary or essential party for either the quiet-title or declaratory-judgment action. General Laws 1956 § 34–16–4 provides that any person claiming "any interest or estate, legal or equitable, in real estate, including any warrantor in any deed or other instrument in the chain of title to the real estate" may bring a civil action against other people claiming any adverse interest in the property. Arnold Road was unquestionably a warrantor on the deed conveyed to Commerce Park, and thus had standing to bring the quiet-title action.

 At the time of the tax sale, G.L. 1956 §§ 44–9–9 and 44–9–10 provided that the tax collector must, before a tax sale, place a newspaper notice identifying the "name of the person against whom the real estate was assessed," and must "notify the taxpayer" of the time and place of the sale either personally or by certified or registered mail. The trial justice found that it "had been clearly established that the notice of [the] tax sale, preceding the filing of

the tax deed, was mistakenly given to a party who was not the owner of the property." "It is well settled that the failure to comply fully with * * * statutory-notice provisions invalidates the attempted tax sale." *L. Brayton Foundry Building, Inc. v. Santilli,* 676 A.2d 1364, 1365 (R.I.1996). After determining that the tax sale notice was improper, the trial justice declared the tax collector's deed void and invalid. In the present case, the addition of Cardi Realty Company, which was identified in the original complaint as the former owner of the property, did not substantially prejudice the Fire District. As the trial justice pointed out, the Fire District was aware of this entity and its involvement in the case; the addition of Cardi Realty Company did not change the essential result, which was to void the tax deed and to quiet title to the property.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court, to which we remand the record of the case.

---

**8.** *See Catucci v. Pacheco,* 866 A.2d 509, 514 (R.I.2005) ("Rule 15(b) concerns the trial of issues not raised in the pleadings and not parties who should have been named before trial."). In certain limited cases, however, it may be appropriate to amend the pleadings to add an unnamed party.

"The pleadings may be amended to add parties in very late stages of the litigation, even after trial, but only when there is no denial of due process by doing so. Rule 15(b) expressly authorizes amendments of the pleadings to conform to the proof actually presented at trial by express or implied consent of the parties. * * * When, in fact, the parties named in the pleadings have notice that one or more unnamed persons is actually a plaintiff in the matter, and when they conduct the trial accordingly, post-trial amendments to add the unnamed

plaintiff and thus conform the pleadings to trial proof are allowed, even though these amendments add a party after the trial has concluded." 3 *Moore's Federal Practice* § 15.16[1] at 15–57 (Matthew Bender 3d ed.2005).

"Under Rule 15(b), a court may permit a post-trial amendment adding a party when it determines that, even though the absent party was not formally named in the pleadings, claims asserted by or against it were known to all parties, including the absent party, and actually litigated. The court may not, however, order a post-trial amendment adding an absent party when there has been no actual pre-trial notice of the claim and no meaningful opportunity to dispute that claim." 3 *Moore's Federal Practice* § 15.16[1] at 15–58.1.