Thomas C. RILEY

v.

Phyllis A. STAFFORD.

No. 2005–151–Appeal.

Supreme Court of Rhode Island.

April 24, 2006.

Christine M. Curley, Esq., North Kingstown, for Plaintiff.

Phyllis A. Stafford, pro se, for Defendant.

## ORDER

The plaintiff-landlord, Thomas C. Riley (plaintiff), appeals from a judgment entered in the Superior Court in favor of the defendant-tenant, Phyllis A. Stafford (defendant), in this landlord-tenant dispute. The plaintiff argues that the trial justice's reliance on a prior lease agreement to determine the fair market value of the apartment was error. The plaintiff also asserts that he was entitled to consequential damages arising from defendant's refusal to vacate the apartment. For the reasons stated herein, we affirm the judgment of the Superior Court.

On January 2, 2004, plaintiff purchased a three-unit apartment building at 215–217 South Hull Street in East Providence. The defendant resided in the second-floor apartment as a month-to-month tenant; she had been paying a monthly rent of $600. On the day he closed on the property and title was conveyed to him, plaintiff sent defendant a new rental agreement providing that as of February 1, 2004, the rent would increase from $600 a month to $825 and that the tenancy would continue on a month-to-month basis.

Because of the condition of the premises, including housing violations, defendant refused to pay the increased rent. Instead, she continued to pay $600 per month; plaintiff cashed her check, but sent a deficiency notice each month. After receiving her first deficiency notice in January 2004, defendant complained to the City of East Providence about the housing violations.

According to plaintiff, on January 20, 2004, he learned that a sewer problem required him to replace the entire sewer system and that the second and third-floor apartments had to be vacant for this construction. By letter dated January 21, 2004, plaintiff notified defendant that her tenancy would be terminated as of March 1, 2004, because of the planned repairs. The plaintiff asserted that defendant's refusal to vacate her apartment prevented him from replacing the sewer system for the building and made it impossible for him to rent the third-floor apartment.

On June 21, 2004, plaintiff brought an action in District Court seeking back rent and possession of the premises; the case was dismissed. The plaintiff requested a trial *de novo* in the Superior Court, and defendant asserted a counterclaim for retaliatory eviction. After a bench trial, the trial justice found that the parties never reached an agreement about rent and, in the absence of a meeting of the minds, defendant was responsible for the fair market rental value of the property. The trial justice held that $600 was the fair market rental value for the apartment in light of the housing violations and the amount defendant paid to her former landlord.

The trial justice granted plaintiff's petition for possession and found that plaintiff's attempts to evict defendant did not constitute a retaliatory eviction. He denied both parties' requests for attorney's fees and rejected plaintiff's claim for consequential damages arising from his alleged inability to rent the third-floor apartment. The plaintiff appealed.

It is well settled that our standard of review of the findings of fact by a trial justice in a nonjury case is deferential. *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 109 (R.I.2005). We will not disturb a trial justice's findings "unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence." *Id.* (quoting *Vigneaux v. Carriere*, 845 A.2d 304, 306 (R.I.2004)).

Before this Court, plaintiff argues that he is entitled to damages for the full amount of rent in accordance with the rental agreement that he prepared and mailed to defendant. Under G.L.1956 § 34–18–16(b) if a tenant "does not sign and deliver a written rental agreement signed and delivered to him or her by the landlord, acceptance of possession and payment of rent *without reservation* gives the rental agreement the same effect as if it had been signed and delivered by the tenant." (Emphasis added.) In this case, however, defendant did not pay the $825 rent specified in the proposed rental agreement. Instead, she paid $600 in rent and notified plaintiff that $825 in rent would be justified only if he repaired all of the housing violations. The trial justice found that there was no meeting of the minds on the amount of rent and that defendant did not pay rent without reservation but declared that she would pay the increased amount only if the housing violations were corrected.

The plaintiff also contends that the trial justice erroneously relied on a rental agreement between defendant and the former owner of the property that was not introduced into evidence. Pursuant to § 34–18–15(b), "[i]n the absence of agreement, the tenant shall pay as rent the fair rental value for the use and occupancy of the dwelling unit." Although the trial justice mistakenly may have referred to defendant's prior rental agreement as having been "reduced to writing," he looked at the monthly rent defendant previously paid, factored in the continuing housing violations and found that $600 was the fair rental value of the apartment. This finding was not clearly erroneous.

The plaintiff also argues that he is entitled to consequential damages because he was prevented from repairing and renting the third-floor apartment until defendant vacated the premises. Consequential damages are such damages "that do not flow directly and immediately from an injurious act but that result indirectly from the act." Black's Law Dictionary 416 (8th ed.2004). This Court has allowed consequential damages in cases involving tortious interference with one's possessory interest in property. *Hawkins v. Scituate Oil Co.*, 723 A.2d 771, 772 (R.I.1999). Consequential damages are not appropriate in this case however, because the defendant asserted a good-faith basis for her continued possession of the property and alleged a retaliatory eviction. We are satisfied that the defendant did not tortiously interfere with the plaintiff's possessory interest. *See* Restatement (Second) *Torts* § 767 at 26–27 (1979) (in determining whether interference with contract was improper, consideration is given to: actor's conduct, actor's motive, interests interfered with, interests advanced, proximity of actor's conduct to interference, relationship of parties, and social interests). Furthermore, the defendant presented evidence that the sewer pipe work could have been accomplished while she remained in the apartment.

For the reasons stated herein, we affirm the judgment. The papers in this case may be remanded to the Superior Court.

Justice ROBINSON did not participate.